FILED
United States Court of Appeals
Tenth Circuit

March 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE M. JACKSON,

Petitioner - Appellant,

v.

CLINT FRIEL, Warden,

Respondent - Appellee.

No. 09-4173

(D. Utah)

(D.C. No. 2:05-CV-00365-DB)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner and appellant Lawrence M. Jackson, proceeding *pro se*, seeks a certificate of appealability ("COA"), in order to appeal the denial of a pending Fed. R. Civ. P. 59(e) motion to alter or amend the district court's prior judgment denying Mr. Jackson's 28 U.S.C. § 2254 habeas petition. We decline to grant a COA and dismiss this matter.

In 1998, Mr. Jackson pled guilty to rape of a child and was sentenced to a term of fifteen years to life. His sentence was affirmed on direct appeal by the Utah Court of Appeals. The Utah Supreme Court denied his petition for a writ of certiorari. Mr. Jackson then filed a post-conviction petition, which was dismissed, and that dismissal was affirmed on appeal. He did not file for certiorari review in the Utah Supreme Court.

In this § 2254 action, he raised all of the issues raised on direct appeal and in his post-conviction petition, as well as six new issues. The district court held that all of the issues except for the two which he presented to the Utah Supreme Court on direct appeal were unexhausted and procedurally defaulted. Further, the court held Mr. Jackson was unable to establish cause for his procedural default. Thus, the court did not address the merits of those issues. It did address the two exhausted issues, with respect to which the Utah Supreme Court had denied certiorari on Mr. Jackson's direct appeal. Regarding those two issues, the district court observed that the first issue was an allegation that the state trial court had violated state law, which is not properly the subject of a federal habeas action,

and the second issue had been properly analyzed by the Utah Supreme Court under the standards mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The court therefore denied relief on those issues, and it denied Mr. Jackson's motion to alter or amend that judgment.  The court also denied a COA.

The issuance of a COA is jurisdictional.  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, Mr. Jackson must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  When the district court dismisses a petition on procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate that the district court's "dismissal on procedural grounds was debatable or incorrect."  Id. at 485.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred

in dismissing the petition or that the petitioner should be allowed to proceed further." Id. at 484.

Mr. Jackson fails to make a substantial showing of the denial of a constitutional right, nor does he address the procedural grounds, other than to seek permission to now exhaust his unexhausted claims, which he cannot do. Accordingly, we deny Mr. Jackson a COA. We also deny Mr. Jackson permission to proceed on appeal *in forma pauperis*.[1]

For the foregoing reasons, we DENY a COA and DENY permission to proceed *ifp*.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]Mr. Jackson filed a motion before the district court to stay his habeas action so that he could exhaust his issues in state court. The district court denied this motion. No notice of appeal from that denial has been filed.